Jose A. FONSECA, Plaintiff-Appellant,

v.

W. Michael BLUMENTHAL, Secretary of
the Treasury of the United States, et
al., Defendants-Appellees.

No. 526, Docket 79–6174.

United States Court of Appeals,
Second Circuit.

Submitted Dec. 18, 1979.

Decided Feb. 21, 1980.

Edward S. Rudofsky, New York City
(Zane & Teitler, and Axelrod & Warburgh,
New York City, on the brief), for plaintiff-
appellant.

Ralph L. McMurry, Asst. U.S. Atty.,
Brooklyn, N.Y. (Edward R. Korman, U.S.
Atty., and Miles M. Tepper, Asst. U.S.
Atty., Brooklyn, N.Y., on the brief), for
defendants-appellees.

Before KAUFMAN, Chief Judge, and
SMITH and TIMBERS, Circuit Judges.*

PER CURIAM:

Appellant, Jose A. Fonseca, commenced
this action in the Eastern District of New
York to recover a suitcase containing $250,-
000 in United States currency. He alleged
that the suitcase had been misdirected by
an airline to JFK Airport in New York
while Fonseca was traveling from Bogota,
Colombia to Lima, Peru. The suitcase was
seized by the United States Customs Ser-
vice in New York.

While the action was pending, the Super-
intendent of Exchange Control of the Re-

* Pursuant to § 0.14 of the Rules of this Court,
this appeal is being determined by Chief Judge
Kaufman and Judge Timbers who are in agree-
ment on this opinion. Judge Smith, who was
on the panel that received the case on submis-
sion, unfortunately died on February 16, 1980.

Prior to his death Judge Smith voted to reverse
and remand and was in agreement with his
colleagues on all issues in the case. He did not
have the opportunity, however, to see this
opinion prior to his death.

public of Colombia requested that the suitcase and its contents be delivered to him for examination in connection with an investigation to determine if Fonseca had violated Colombian laws governing exchange control. The United States Attorney for the Eastern District of New York moved for a court order that the suitcase be delivered to the Superintendent pursuant to 28 U.S.C. § 1782 (1976) which provides in relevant part:

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

Fonseca in the meanwhile moved for an order directing the government to return the suitcase and money to him.

An evidentiary hearing was held to determine the status and function of the Superintendent of Exchange Control under Colombian law. The district court thereafter ordered that the suitcase and its contents be delivered to the Superintendent pursuant to § 1782, and dismissed Fonseca's complaint. Fonseca has appealed from the district court's order.

We find that the dispositive issue on appeal is whether the Superintendent is a "tribunal" within the meaning of § 1782. We hold that he is not.

The term "tribunal" as it is used in § 1782 was first construed by our Court in *In re Letters Rogatory Issued by Director of Inspection of Government of India*, 385 F.2d 1017 (2 Cir. 1967) (Friendly, J.), where the legislative history of the section was fully considered. *Id.* at 1018–21.

Earlier statutes designed to provide judicial assistance in foreign proceedings had authorized the district court to take the deposition of a witness for use in a "suit for the recovery of money or property [pending] in any court in any foreign country", 12 Stat. 769 (1863), "in any civil action pending in any court in a foreign country", 62 Stat. 949 (1948), and in any "judicial proceeding" pending in any court in a foreign country, 63 Stat. 103 (1949).

In 1964, § 1782 was amended to provide for obtaining testimony or documents for use "in a proceeding in a foreign or international tribunal." The word "tribunal" was used deliberately "to make it clear that assistance is not confined to proceedings before conventional courts . . . [but extends to] proceedings before a foreign administrative tribunal or quasi-judicial agency as in proceedings before a conventional foreign court." H.R.Rep. No. 1052, 88th Cong., 1st Sess. 9 (1963); S.Rep. No. 1580, 88th Cong., 2d Sess.; [1964] U.S.Code Cong. & Ad.News, pp. 3782, 3788, *quoted in In re Letters Rogatory (India), supra,* 385 F.2d at 1019.

■ As we pointed out in *India*, "[w]hile Congress materially expanded the scope of 28 U.S.C. § 1782 in 1964, it did not go to the full extent of authorizing a district court to execute letters rogatory whenever requested by a foreign country or a party there. . . ." *In re Letters Rogatory (India), supra,* 385 F.2d at 1020. It is evident that Congress intended "tribunal" to have an adjudicatory connotation.

We also observed in *India* that one concern of Congress in amending § 1782 in 1964 was to insure judicial assistance for French *juges d'instruction.* The *juge* is roughly equivalent to our grand jury. It is he who determines whether evidence against an individual charged with a major crime is sufficient to require him to stand trial. *Id.*

Although the *juge* directs the investigation, he represents "neither the interest of the police nor that of the state prosecutors". Anton, L'Instruction Criminelle, 9 Am.J. Comp.L. 441, 443 (1960), *quoted in In re Letters Rogatory (India), supra,* 385 F.2d at 1020. In determining whether to proceed

to trial, the government and the accused each are represented to an equal degree before the *juge*. "[H]is aim is simply to ensure that justice is done." *Id*. This is the hallmark of a tribunal—impartial adjudication.

Unlike the *juges d'instruction*, the Superintendent of Exchange Control is charged to act in the government's interest to enforce the law. He is required to protect the balance of payments by restraining the outward flow of capital from Colombia. He has extraordinary powers to order and conduct far-reaching investigations. Upon completion of his investigation, he is empowered to determine whether violation of the law has occurred. Although the subject of an investigation may be represented by counsel, the government's sole representative is the Superintendent himself.

The essence of the Superintendent's responsibility is the direction of a law enforcement agency. Unlike the *juge*, he has what Judge Friendly referred to in *India* as "an institutional interest in a particular result." *In re Letters Rogatory (India), supra*, 385 F.2d at 1020. This interest is inconsistent with the concept of impartial adjudication intended by the term "tribunal".

We therefore hold that the district court erred in concluding that the Superintendent of Exchange Control is a "tribunal" within the meaning of § 1782. In so holding, we do not express or imply any adverse reflection on the Superintendent or his legitimate function under Colombian law. Rather, our holding is compelled by the terms of § 1782 as enacted by Congress.

In view of our holding above, we find it neither necessary nor appropriate to reach any of the other issues raised on this appeal.

The order of the district court is reversed and the case is remanded to the district court to proceed with plaintiff's action according to law.

Reversed and remanded.