936 F.2d 702
 60 USLW 2038
 In re Request for INTERNATIONAL JUDICIAL ASSISTANCE (LETTER
ROGATORY) FOR THE FEDERATIVE REPUBLIC OF BRAZIL.
GENERAL UNIVERSAL TRADING CORPORATION, Dartois Investments,
Inc., Midland Trading Corporation, and Four
Dimensions, Petitioners-Appellants,
v.
MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent-Appellant,
Nelson W. Cunningham, as Commissioner to Obtain Testimony
and Other Evidence in Conformity With said Letter
Rogatory, Respondent-Appellee.
 No. 811, Docket 90-6229.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 7, 1991.
Submitted April 9, 1991.
Decided June 21, 1991.
 
 Thomas E. Engel, New York City (Carl L. Distefano, Thomas N. Apple, Fox & Horan, James G. McCarney, Engel & McCarney, on the brief), for petitioners-appellants.
 Christopher Crowley, New York City (James L. Kerr, Davis Polk & Wardwell, on the brief), for respondent-appellant.
 Nelson W. Cunningham, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Debra Ann Livingston, Asst. U.S. Atty., on the brief), for respondent-appellee.
 Before FEINBERG, NEWMAN and McLAUGHLIN, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This appeal presents the issue of whether and under what circumstances Congress has authorized a district court to order the production of evidence pursuant to a foreign government's letter rogatory in advance of the commencement of an adjudicative proceeding. See 28 U.S.C. Sec. 1782 (1988). The issue arises on an appeal by four Panamanian corporations and Morgan Guaranty Trust Company of New York ("Morgan") from the June 6, 1990, order of the District Court for the Southern District of New York. The order was entered by stipulation to carry out rulings made by Judge Charles S. Haight, Jr., notably a ruling of November 16, 1988, which declined to quash a subpoena served upon Morgan. 700 F.Supp. 723 (S.D.N.Y.1988). We conclude that evidence may be produced pursuant to a letter rogatory in the absence of a pending adjudicative proceeding, but only if such a proceeding is imminent, i.e., very likely to occur within a brief interval from the request. Since that standard is not met in this case, we reverse.
 
 Background
 
 2
 The pending dispute owes its origin to the criminal prosecution of a former Morgan senior vice-president, Antonio Gebauer, in the Southern District of New York. United States v. Gebauer, 86 Cr. 887 (RWS). Gebauer had embezzled more than $4 million from accounts maintained at Morgan by six Panamanian corporations, including the four appellants in this case. In 1986, Gebauer pled guilty and was sentenced to prison for banking and tax offenses.
 
 
 3
 Responding to press reports that the accounts were controlled by Brazilian citizens and that the funds in the accounts may have resulted from violations of Brazilian tax and currency control laws, Brazilian authorities began an investigation. They sought the assistance of the Honorable Anna Maria Pimentel, judge of the Federal Court of the Fifth Division of the Federative Republic of Brazil. Judge Pimentel issued a letter rogatory, reciting that a police investigation was under way to determine "possible offenses of tax evasion related to an alleged defalcation on bank accounts maintained by Brazilian citizens" at Morgan. Ultimately, the letter rogatory was forwarded to the United States Attorney for the Southern District for implementation.
 
 
 4
 After a revision of the original letter rogatory, the United States Attorney obtained from the District Court an order appointing the prosecutor in the Gebauer case, Linda Imes, and Brazilian officials as commissioners and directing them to take testimony and require witnesses to produce documents pursuant to Fed.R.Crim.P. 17(c). Commissioner Imes obtained a grand jury subpoena requiring Morgan to produce documents that included the records of the accounts of the appellate corporations. The appellants then moved to quash the subpoena, contending that, in the absence of a pending court proceeding, the evidence sought was not "for use in a proceeding in a foreign or international tribunal," as required by the letters rogatory statute, 28 U.S.C. Sec. 1782.
 
 
 5
 On his initial consideration of appellants' motion, Judge Haight stayed enforcement of the subpoena. In re Request for Int'l Judicial Assistance (Letter Rogatory) from the Federative Republic of Brazil, 687 F.Supp. 880, 887 (S.D.N.Y.1988) ("Brazil I "). Endeavoring to apply the decisions of this Court in In re Letters Rogatory Issued by the Director of Inspection of the Government of India, 385 F.2d 1017 (2d Cir.1967) ("India "), and Fonseca v. Blumenthal, 620 F.2d 322 (2d Cir.1980), Judge Haight inquired "whether there is a 'proceeding' presently before the Brazilian court which requires that court to exercise an independent adjudicative function." Brazil I, 687 F.Supp. at 885. He declined to accept the Government's contention that the "proceeding" element of section 1782 was necessarily satisfied by the fact that the letter rogatory was signed by a Brazilian judge. Instead, he recognized the possibility that under Brazilian law or practice, a judge might "automatically forward[ ]" requests for foreign judicial assistance submitted by investigating officials. Id. He therefore requested further submissions from the parties (a) as to the criteria applied by a Brazilian court in acting upon investigative requests and (b) whether there was then pending in a Brazilian court a proceeding in which a judge was exercising an independent, adjudicative function. Id. at 887.
 
 
 6
 After receiving further materials, including opinions of experts in Brazilian law and a letter from Judge Pimentel, Judge Haight denied the motion to quash the subpoena. In re Request for Int'l Judicial Assistance (Letter Rogatory) from the Federative Republic of Brazil, 700 F.Supp. 723 (S.D.N.Y.1988) ("Brazil II "). He found that Brazilian criminal procedure is divided into pre- and post-accusatory phases, that the adjudicative phase begins only after the defendant is made a party to the action, and that "there is no 'adjudicative judicial criminal proceeding' presently pending in Brazil in respect of [the appellants]." Id. at 725.
 
 
 7
 However, Judge Haight also ruled that the requisite adjudicative proceeding need not be actually pending " 'so long as the application demonstrates clearly that there will be a proceeding in a foreign tribunal, and that the evidence sought will be used in that proceeding.' " Id. at 724 (quoting from Judge Haight's unpublished opinion in In re Letters Rogatory from the Public Prosecutor's Office at the Regional Port of Hamburg, Federal Republic of Germany, M-19-18 (S.D.N.Y. June 21, 1988)). Applying this standard, Judge Haight noted that Judge Pimentel's letter had referred to "the prosecutor's action in 'investigating probable illicit acts related to tax evasion in connection with probable defalcations in accounts maintained by Brazilian citizens at [Morgan],' " Id. at 725 (quoting Judge Pimentel's letter, with emphasis supplied by Judge Haight). He concluded that "these declarations, viewed in the totality of the circumstances, sufficiently establish the likelihood of a judicial proceeding being commenced in Brazil," id., and lifted the stay of enforcement of the subpoena, id. at 726. Subsequent disputes, since resolved, delayed entry of a final order until June 6, 1990.
 
 Discussion
 
 8
 Letters rogatory are an important device by which governments and their officials may enlist the assistance of foreign courts in requiring the production of evidence. The authority for United States district courts to assist foreign governments is set forth in 18 U.S.C. Sec. 1782:
 
 
 9
 The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal....
 
 
 10
 Id. Sec. 1782(a). Prior to 1964, section 1782 required that the requested evidence must be for use "in any judicial proceeding pending in any court." Pub.L. No. 773, 62 Stat. 869, 949 (1948), as amended by Pub.L. No. 73, 63 Stat. 89, 103 (1949).[1] In 1964, the wording of section 1782 was changed in two respects that are pertinent to this appeal. First, the phrase "judicial proceeding" was revised to read "proceeding in a foreign or international tribunal." Second, the qualifying word "pending" was deleted. We consider the significance of each change separately.
 
 
 11
 A. Nature of the foreign proceeding. Shortly after the 1964 amendment, we explored the nature of the foreign proceeding for which section 1782 authorizes judicial assistance in Judge Friendly's comprehensive opinion in India. That decision recognized that the 1964 amendment was adopted to make clear that judicial assistance was not limited to " 'proceedings before conventional courts,' " India, 385 F.2d at 1019 (quoting from legislative history), but was also available for a broader range of proceedings, such as those preliminary inquiries conducted in France by a juge d'instruction. See id. at 1020. Nevertheless, Judge Friendly emphasized, Congress had not gone so far as to authorize assistance "whenever requested by a foreign country or a party there." Id. He regarded the congressional selection of the word "tribunal" as evidencing an intention to confine assistance to those proceedings in which an adjudicative function is being exercised. He specifically declined to read the statute as authorizing assistance to prosecuting or tax collecting authorities with responsibilities for asserting governmental interests, rather than for impartially adjudicating them. We faithfully applied the teaching of India in Fonseca.
 
 
 12
 In this case, the investigation being conducted by Brazilian police, tax, and currency officials cannot be considered the type of adjudicative proceeding for which section 1782, as construed in India, authorizes judicial assistance, and Judge Haight did not so hold.[2] Instead he authorized assistance on the theory that the requisite adjudicative proceeding would be forthcoming, presumably as a result of the law enforcement investigation. That conclusion requires consideration of whether section 1782 requires that the adjudicative proceeding be pending or, if not pending, how likely it must be.
 
 
 13
 B. Timing of the foreign proceeding. As we have noted, the 1964 amendment, in broadening the category of proceedings for which judicial assistance may be rendered, omits the qualifying word "pending." Curiously, the legislative history makes no mention of this change and describes the broadening of proceedings in language that raises a question as to whether the deletion of "pending" was intentional or inadvertent:
 
 
 14
 The word "tribunal" is used to make it clear that assistance is not confined to proceedings before conventional courts. For example, it is intended that the court have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries.
 
 
 15
 H.R.Rep. No. 1052, 88th Cong., 1st Sess. 9 (1963); S.Rep. No. 1580, 88th Cong., 2d Sess. 7 (1964), reprinted in 1964 U.S.Code Cong. & Admin. News 3782, 3788 (emphasis added). Though the use of the word "pending" in the quoted passage from the legislative history is surprising, to say the least, we do not believe that this passage permits us to read the statute as if the word "pending" were still in the text.[3] The fact is that the 1964 amendment deletes that word, and applying the statute without the word "pending" surely does no violence to any articulated congressional objective.
 
 
 16
 The Government contends that the deletion of "pending" means that the amended statute permits judicial assistance whenever it appears that an adjudicative proceeding will "eventual[ly]" occur.[4] See Brief for Appellee at 9. Support is drawn from a law review article authored by Professor Hans Smit, whom the Government identifies as the chief draftsman of the 1964 amendments. See Smit, International Litigation Under the United States Code, 65 Colum.L.Rev. 1015, 1026 (1965) ("It is not necessary ... for the proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding.") (footnote omitted). Though Professor Smit was undoubtedly in a good position to know what the congressional committees had in mind, we do not believe it appropriate in this case to accept his commentary as persuasive evidence of the meaning of the statute that the Congress ultimately enacted. If the omission of "pending" was intended to mean "eventually occurring," we would expect to see at least some hint of that thought in the authoritative reports issued by the members of the Senate and House committees. Staff members have ample opportunity to draft language that members of Congress may choose to use in committee reports and statutory text, but they may not elucidate congressional intent by bearing witness to congressional thinking.
 
 
 17
 Judge Haight recognized that adjudicative proceedings need not be pending and appears to have adopted a standard that permits judicial assistance so long as such proceedings are "probable." Brazil II, 700 F.Supp. at 725. We consider that standard too lenient to protect the interests implicated by section 1782, as construed in this Circuit and elsewhere. Though we will not insist that proceedings be "pending," we think it prudent, in the absence of any indication as to why Congress deleted the word "pending" and in view of the distinct possibility that the deletion might have been inadvertent, to require that adjudicative proceedings be imminent--very likely to occur and very soon to occur. That standard permits foreign governments to obtain judicial assistance from American courts when they are on the verge of instituting adjudicative proceedings in which the uses of disclosed material may be carefully controlled but avoids the risks inherent in making confidential material available to investigative agencies of countries throughout the world at preliminary stages of their inquiries. The latter course poses dangers to legitimate privacy interests of our citizenry that we do not believe Congress intended to imperil. We imply no disrespect to the professionalism of the Brazilian investigative agencies, but we are obliged to construe the governing statute as it might be applied to a letter rogatory from any country in the world.
 
 
 18
 We thus construe amended section 1782 as the Eleventh Circuit has done when it required that the adjudicative proceeding "is very likely to occur." In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1156 (11th Cir.1988) ("Trinidad and Tobago "), cert. denied, 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 776 (1989). We consider that standard more consonant with the concerns previously enunciated by this Court in India than the more relaxed standard of the District of Columbia Circuit, which, though citing Trinidad and Tobago with apparent approval, seems to require only "that judicial proceedings in a tribunal must be within reasonable contemplation." In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 691 (D.C.Cir.1989) ("Crown Prosecution "). We note that even in Crown Prosecution one of the suspected perpetrators already had been arrested and charged, id. at 688.
 
 
 19
 We need not remand for consideration as to whether adjudicative proceedings are imminent because the record is entirely clear that this standard is not met. Judge Pimentel's letter to Judge Haight mentions an investigation of "probable illicit acts related to tax evasions in connection with probable defalcations in accounts maintained by Brazilian citizens" at Morgan. Brazil II, 700 F.Supp. at 725. Clearly, there were defalcations, as the conviction of Gebauer demonstrates. And it may well be that the evidence known to the Brazilian investigators shows "probable illicit acts." But there is nothing in the record to show that adjudicative proceedings are very likely and very soon to be brought against any particular perpetrators of such illicit acts. A letter submitted to Judge Haight from a Brazilian prosecutor identifies four individuals as targets of the investigation but refers only to "possible violations" by these persons and "possible prosecution" of them and gives no assessment of the likelihood or timing of formal proceedings against them. Whether or not the evidence supports Judge Haight's finding that adjudicative proceedings are "probable," which appellants vigorously dispute, it does not indicate that such proceedings are imminent, the standard we apply, in light of India and Fonseca, to assure that evidence delivered abroad at the direction of a United States court is within the control of those exercising adjudicative responsibilities.
 
 
 20
 Since we conclude that section 1782, as we construe it, does not authorize the rendering of judicial assistance under the circumstances of this case, we need not consider appellant Morgan's alternative arguments that such assistance would amount to indirect enforcement of revenue laws, and that tax information should not be exchanged in the absence of an income tax treaty or an information exchange agreement between the United States and Brazil.
 
 
 21
 The order of the District Court is reversed, and the case is remanded with directions to quash the subpoena, without prejudice to additional submissions by the Government to the District Court to meet the standards of section 1782 as articulated in this opinion.
 
 
 
 [1]
 The 1949 amendment broadened the scope of section 1782 from "any civil action" to "any judicial proceeding," thereby permitting the use of letters rogatory in connection with foreign criminal proceedings. The House Report accompanying the 1949 change states that the amendment "corrects restrictive language in section 1782 of title 28, U.S.C., in conformity with original law." H.R.Rep. No. 352, 81st Cong., 1st Sess. 16 (1949), reprinted in 1949 U.S.Code Cong.Serv. 1248, 1254, 1270. In fact, however, the letters rogatory statute dating back to 1863 had been limited to a deposition for use in "any suit for the recovery of money or property depending in any court in any foreign country," 12 Stat. 769, 769 (1863), and the 1948 recodification of the Judicial Code rephrased the limitation as "any civil action pending in any court in a foreign country," 62 Stat. at 949
 
 
 [2]
 The Government does not seek to uphold the order for judicial assistance on the ground that the application of the Brazilian prosecuting authorities to Judge Pimentel for issuance of a letter rogatory is itself the adjudicative proceeding contemplated by section 1782
 
 
 [3]
 Morgan seriously overstates the matter in contending that the House and Senate reports "state expressly that the 1964 amendment was intended to authorize courts to grant assistance only 'when the proceedings are pending before [foreign] investigating magistrates.' " Brief for Appellant Morgan at 16 (emphasis and bracketing supplied by appellant Morgan). The word "only" is supplied by Morgan and is not even implied, much less stated expressly, by the committee reports
 
 
 [4]
 The views of the State Department, which we elicited after oral argument, support the Government's position that the adjudicative proceeding need not be pending but do not advocate any particular standard to be applied as to the likelihood of such proceedings nor express an opinion as to whether judicial assistance should be rendered in this case. See Letter of Jamison M. Selby, Deputy Legal Adviser, to Tina Eve Brier, Chief Deputy Clerk (March 28, 1991)