**In re Application of David ESSES for assistance before a Foreign Tribunal.**

**David ESSES, Plaintiff–Appellee,**

**v.**

**Linda Esses HANANIA, Defendant– Appellant.**

**No. 1004, Docket 96–9211.**

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1996.

Decided Dec. 4, 1996.

David Zaslowsky, Baker & McKenzie, New York City, for Plaintiff–Appellee.

Aaron R. Marcu, Howard, Darby & Levin, New York City, for Defendant–Appellant.

Before: FEINBERG, WALKER and CABRANES, Circuit Judges.

PER CURIAM:

This proceeding arises from a familial dispute ultimately concerning the distribution of the estate of Rafoul Esses ("Rafoul"), a resident of Hong Kong, who died intestate in March 1994. David Esses ("David"), Rafoul's brother and a resident of Argentina, as part of his effort to be appointed administrator of his brother's estate in Hong Kong, seeks discovery pursuant to 28 U.S.C. § 1782 of potentially relevant information located in the United States. David's efforts began on May 7, 1996, with a successful ex parte application in Part I of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*).

Linda Esses ("Linda"), Rafoul's sister, has opposed David at every turn. Since Judge Brieant's grant of David's application for judicial assistance, Linda has sought to vacate the order permitting discovery, to quash or stay subpoenas issued pursuant to that order, and to compel the return or destruction of all documents that David had obtained pursuant to the ex parte order. After Linda so moved in Part I, the district court (Harold Baer, Jr., *Judge*), after oral argument, denied Linda's motion on September 3, 1996. On September 12, 1996, Judge Baer issued an order prescribing the terms and limits of discovery. After returning to Part I (Louis L. Stanton, *Judge*) unsuccessfully to seek a stay of this order, Linda moved this court for a stay, which on September 19, 1996, we granted pending oral argument. After oral argument on October 31, 1996, the parties attempted to settle the case. Upon being informed by letter dated November 27, 1996, that these efforts have not met with success, we now decide the merits.

Because we find that the district court properly interpreted the terms of 28 U.S.C. § 1782 and acted within its discretion in granting David's request for discovery, we affirm in all respects the order of the district court granting discovery, and we dissolve the stay entered by this court on September 19, 1996.

DISCUSSION

▮ Section 1782(a) provides in pertinent part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pur-

suant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

This court has distilled from this statutory language the following basic requirements for its invocation: (1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or "any interested person." *In re Application of Gianoli Aldunate*, 3 F.3d 54, 58 (2d Cir.1993). "If the district court has properly interpreted the requirements of § 1782, its decision whether or not to order discovery is reviewed only for abuse of discretion." *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 42 (2d Cir.1996). A review of a district court's decision under § 1782, therefore, has two components: the first, as a matter of law, is whether the district court erred in its interpretation of the language of the statute and, if not, the second is whether the district court's decision to grant discovery on the facts before it was in excess of its discretion. Linda's challenges to the proceedings in the district court along these line are unavailing in both respects.

Linda does not contest the first two elements of § 1782. She acknowledges that those from whom the information is sought (including herself) are found in the jurisdiction of the United States District Court for the Southern District of New York. She further concedes that the information sought by David is "for use" in connection with a proceeding before a foreign or international tribunal. Her counsel at oral argument before Judge Baer, Joint Appendix at 248, stated that "we are no longer disputing that there is a proceeding that is imminent to choose an administrator." *See In re Int'l Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil*, 936 F.2d 702, 703 (2d Cir.1991) (holding that evidence may be produced pursuant to § 1782 "in the absence of a pending adjudicative proceeding" when "such a proceeding is imminent, *i.e.,* very likely to occur within a brief interval from the request").

■ Thus, the only question left open is whether David is an "interested person" within the meaning of the statute. We conclude that he is. David is party to proceedings in Hong Kong to determine who will be the administrator for Rafoul's estate. In fact, he is party to two proceedings: one that he initiated seeking his appointment as administrator, and another brought by Linda to secure her own appointment. Although the language of the statute is clear, and thus we need not look to legislative history, we note that it fully supports David's position. S.Rep. No. 1580, 88th Cong., 2d Sess., at 8 (1964) (an "interested person" includes one who is a "party to . . . foreign or international litigation").

Linda's attempts to exclude David from the ambit of the term "interested person" are unavailing. Linda's first argument, that David has, by contract, relinquished his claim to Rafoul's estate, confuses his substantive right to an inheritance with his application to become estate administrator. Whether David has a rightful claim to his brother's estate under the applicable substantive law or has relinquished it will be for the courts of Hong Kong to determine when the estate is administered. Currently, David and Linda are embroiled in a separate dispute antecedent to the question of who is entitled to state claims on the estate; they are contesting who legally ought to play a part in determining such issues. And in this dispute, David surely has an interest.

Second, Linda argues that a potential beneficiary of an estate should not be recognized

as an interested party because by doing so the federal courts of this country, with their liberal discovery practices, would be made available to all manner of potential meddlers with questionable claims. While, as noted above, David's interest is greater than simply that of a beneficiary, this argument essentially goes to whether a "proceeding" exists under the statute, as this condition is the primary requirement imposed by § 1782 to screen out intrusive and meddlesome requests. The proceedings at issue in Hong Kong easily fit the broad definition of foreign proceedings accorded by this circuit. *See In re Int'l Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil,* 936 F.2d at 705 ("tribunal," within the meaning of § 1782, covers "proceedings in which an adjudicative function is being exercised") (summarizing holding of *In re Letters Rogatory Issued by the Dir. of Inspection of the Gov't of India,* 385 F.2d 1017, 1020 (2d Cir.1967) (Friendly, J.)). Indeed, Linda has conceded that a proceeding exists, as she must.

Third, under the banner of contesting whether David is an "interested person," Linda argues that permitting discovery to David in this case would result in inefficiency and, perhaps, prejudice to the estate. Once again such arguments are misplaced: they go to the possible consequences of finding David within the reach of the statute, not to whether he is in fact within its reach. More to the point, these potential dangers—and we do not suggest that they are not real—are properly dealt with under the statute by the district court in the exercise of its discretionary authority to fashion discovery orders.

Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems. Substantively, so long as the district court fashions its order in accordance with the "twin aims" of § 1782, "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts," *In re Application of Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir.1992), it acts within its discretion. *See In re Application of Gianoli Aldunate,* 3

F.3d at 61–62. If a district court is concerned that granting discovery under § 1782 will engender problems in a particular case, it is well-equipped to determine the scope and duration of that discovery. *See Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1101 (2d Cir.1995) (finding that "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order than by simply denying relief outright"). In the case at bar, there is no indication that the district court's decision is at variance with the purposes of § 1782 or that it lacks a reasonable basis. *Lancaster Factoring,* 90 F.3d at 42. Nor is there any indication that the district court's order is overly burdensome or duplicative. Indeed, in carefully crafting an order for reciprocal discovery between David and Linda in light of the underlying dispute between them, Judge Baer acted well within his discretion in ordering discovery.

As a final matter, Linda argues that under the presumably applicable law of the United Kingdom only a duly appointed administrator has the authority to marshal the assets of an estate and gain access to confidential records—in short, to conduct discovery. This court has expressed some concern over conflicts with foreign jurisdictions that could be engendered by § 1782, holding that " '[a] grant of discovery that trenched on the *clearly established* procedures of a foreign tribunal would not be within section 1782.' " *Euromepa S.A.,* 51 F.3d at 1099 (*quoting John Deere Ltd. v. Sperry Corp.,* 754 F.2d 132, 135 (3d Cir.1985)). On the other hand, in the same context, we have cautioned against "speculative forays into legal territories unfamiliar to federal judges," *id.* at 1099; thus, only upon "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782," should a district court refrain from granting the assistance offered by the act. *Id.* at 1100 (emphasis added).

Linda offers no such authoritative evidence that the Hong Kong court in which they are proceeding would reject the evidence David seeks. Rather, she cites general propositions from several treatises on English probate law describing the role and authority of

administrators. In *Euromepa S.A.*, the examples of "authoritative proof" of offense to a foreign jurisdiction entailed explicit pronouncements by courts allowing or enjoining discovery in foreign jurisdictions. *See id.* at 1100 n. 3. Moreover, we suggested in *Euromepa* that foreign tribunals should not be presumed to be passive observers in these cases; rather, the court expressly noted its confidence that foreign courts "will remain at all times masters of their own *domaine,*" complete with the authority to enjoin parties before them from seeking discovery under § 1782. *Id.* at 1101. Linda has not presented us or the district court with any pronouncement from the Hong Kong court in this cause that would lead us to question whether the district court's discovery order trenches upon foreign law or is otherwise interfering with the Hong Kong proceedings.

We have considered Linda's remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is affirmed and our stay is hereby lifted. The mandate shall issue forthwith.