16-1004-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            CHESTER J. STRAUB,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

IN RE APPLICATION OF KATE O'KEEFFE
TO ISSUE A SUBPOENA FOR THE TAKING
OF A DEPOSITION AND THE PRODUCTION
OF DOCUMENTS FOR USE IN A FOREIGN
PROCEEDING

---

KATE O'KEEFE,

                *Petitioner-Appellee,*                         16-1004-cv

            v.

SHELDON G. ADELSON,

                *Movant-Appellant.*

---

**FOR PETITIONER-APPELLEE:**        Laura Rose Handman, Constance M.
                                    Pendleton, Davis Wright Tremaine LLP,
                                    Washington, DC; Eric J. Feder, Davis
                                    Wright Tremaine LLP, New York, NY.

1

**FOR MOVANT-APPELLANT:**                    Eric R. Breslin, Duane Morris LLP,
                                             Newark, NJ.

Appeal from an order of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Movant-appellant Sheldon G. Adelson ("Adelson") appeals from an April 1, 2016 order of the District Court denying his motion to quash a subpoena served by petitioner-appellee Kate O'Keeffe ("O'Keeffe") upon Adelson's former driver, Kwame Luangisa ("Luangisa"), pursuant to 28 U.S.C. § 1782. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Adelson has sued O'Keeffe in Hong Kong for defamation. His claim involves an article that O'Keeffe co-authored for the *Wall Street Journal*, which described Adelson as "foul-mouthed."[1] O'Keeffe's defense in that lawsuit depends, in part, on her contention "that the term foul-mouthed is true in substance and fact." App. 12 (internal quotation marks omitted). To facilitate that defense, O'Keeffe seeks to subpoena Luangisa for evidence of Adelson's use of "foul" language.

Because O'Keeffe seeks discovery pursuant to § 1782, her application must meet three statutory requirements: "(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or any interested person." *Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (internal quotation marks omitted). Once these requirements are met, we review a district court's decision to grant or deny a § 1782 application—or, as in this case, to grant or deny a motion to quash a subpoena issued pursuant to such an application—for "abuse of discretion." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 79–80 (2d Cir. 2012). Adelson does not dispute that O'Keeffe's application satisfies the statutory requirements of § 1782. Instead, he argues only that the District Court "abused its discretion" in denying his motion to quash. We reject that argument as meritless.

The Supreme Court has provided several factors that a district court should consider in exercising its discretion under § 1782: (1) whether "the person from whom discovery is sought is a

---

[1] *See* Kate O'Keeffe & Alexandra Berzon, *Fired Executive Rankles Casino Business*, Wall St. J. (Dec. 5, 2012), http://www.wsj.com/articles/SB10001424127887324784404578142952070044598 (describing Adelson as "a scrappy, foul-mouthed billionaire from working-class Dorchester, Mass.").

participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264–65 (2004).

The District Court carefully considered the four *Intel* factors, and it acted well within its discretion in determining that they weighed in favor of denying the motion to quash. First, Luangisa is not a party to the Hong Kong litigation. Second, Adelson has not offered evidence that Hong Kong courts are unreceptive to U.S. judicial assistance. *Cf. Application of Esses,* 101 F.3d 873, 876–77 (2d Cir. 1996) (suggesting the receptivity of Hong Kong courts to U.S. judicial assistance). At most, Adelson has suggested that O'Keeffe seeks evidence which would not be discoverable in Hong Kong. But as Adelson acknowledges, our precedents expressly forbid district courts from considering the discoverability of evidence in a foreign proceeding when ruling on a § 1782 application. *See Brandi-Dohrn,* 673 F.3d at 81–83. Similarly, the mere fact that the discovery sought here might not be obtainable under Hong Kong law does not, by itself, suggest that O'Keeffe's application is an "attempt to circumvent foreign proof-gathering restrictions." *See Mees v. Buiter,* 793 F.3d 291, 303 (2d Cir. 2015). Finally, Adelson does not argue that the subpoena is unduly burdensome to Luangisa, who has not objected to it.

We also reject Adelson's suggestion that it was impermissible or improper for O'Keeffe to bring her application *ex parte.* "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte.*" *Gushlak v. Gushlak,* 486 F. App'x 215, 217 (2d Cir. 2012) (summary order) (collecting cases).

## CONCLUSION

We have reviewed all of the arguments raised by Adelson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3