19-272 (L)
*Sampedro v. Silver Point Capital, et al*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Argued:  January 16, 2020
Decided:  May 1, 2020

Nos. 19-272, 19-273

LUIS JAVIER MARTÍNEZ SAMPEDRO,

*Movant-Appellee,*

*v.*

SILVER POINT CAPITAL, L.P., CONTRARIAN CAPITAL MANAGEMENT, LLC, DAVID
REGANATO, NORMAN RAÚL SORENSEN VALDEZ,

*Respondents-Appellants.*

Appeal from the United States District Court
for the District of Connecticut
No. 18-mc-47, Janet Bond Arterton, *Judge.*

Before:     KATZMANN, *Chief Judge*, HALL, AND SULLIVAN, *Circuit Judges.*

Respondents-Appellants Silver Point Capital, Contrarian Capital Management, David Reganato, and Norman Raúl Sorensen Valdez appeal from an order of the United States District Court for the District of Connecticut (Janet Bond Arterton, *J.*) denying their motion to compel reciprocal discovery under 28 U.S.C. § 1782. In light of the district court's broad discretion under section 1782, we conclude that a district court need not consider procedural parity with respect to all possible foreign proceedings when determining whether to grant reciprocal discovery. Therefore, we affirm the district court.

AFFIRMED.

> DUANE L. LOFT (Andrew Villacastin, Mario De Oliveira Gazzola, *on the brief*), Boies Schiller Flexner LLP, New York, New York, *for Respondents-Appellants Silver Point Capital, L.P., Contrarian Capital Management, LLC and David Reganato.*
>
> Jason C. Hegt, Eric L. Taffet, Latham & Watkins LLP, New York, New York, *for Respondent-Appellant Norman Raúl Sorensen Valdez.*
>
> VINCENT LEVY (Scott M. Danner, Kevin D. Benish, *on the brief*), Holwell Shuster & Goldberg LLP, New York, New York, *for Movant-Appellee Luis Javier Martínez Sampedro.*

RICHARD J. SULLIVAN, *Circuit Judge*:

Respondents-Appellants Silver Point Capital, Contrarian Capital Management, David Reganato, and Norman Raúl Sorensen Valdez (together, "Appellants") appeal from an order of the United States District Court for the

District of Connecticut (Janet Bond Arterton, *J.*) denying their motion to compel reciprocal discovery under 28 U.S.C. § 1782 against Movant-Appellee Luis Javier Martínez Sampedro ("Sampedro"). On appeal, Appellants argue that the district court should have awarded them reciprocal discovery given their involvement and interest not only in the foreign proceeding that formed the basis of Sampedro's section 1782 discovery request but also in another foreign proceeding where Appellants are parties opposite Sampedro and where he could use the section 1782 discovery he obtained from Appellants. In light of the district court's broad discretion under section 1782, we conclude that a district court need not consider procedural parity with respect to all possible foreign proceedings when determining whether to grant reciprocal discovery. Therefore, we affirm the district court.

Sampedro and his brother, a non-party to this litigation, were executives at Codere, S.A., a gaming company based in Spain. On February 9, 2018, the brothers brought suit in the Commercial Court of Madrid seeking to annul a decision by Codere's Board of Directors terminating the brothers' at-will employment agreements (the "Spanish Litigation"). Codere is the only named defendant in that action. Ten days later, the brothers commenced an arbitration before the

3

International Chamber of Commerce ("ICC"), likewise seeking to nullify the Board's decision (the "ICC Arbitration"). Appellants are all named respondents in the ICC Arbitration.

On April 20, 2018, pursuant to 28 U.S.C. § 1782, Sampedro filed an ex parte application in the United States District Court for the District of Connecticut requesting discovery from Appellants for use in the Spanish Litigation, which the district court granted. Appellants moved to quash the resulting subpoenas, and on October 30, 2018, the district court granted in part and denied in part those motions. Significantly, the district court denied Appellants' request that Sampedro be precluded from using the materials produced pursuant to the subpoenas in the ICC Arbitration. The district court also denied Appellants' request for reciprocal discovery because the request was not accompanied by a "particularized argument for imposing reciprocity . . . [with] specification as to the testimony or documents sought." App'x at 426.

On November 9, 2018, Appellants made more specific requests for reciprocal discovery from Sampedro, and after a failed meet and confer, Appellants formally moved to compel reciprocal discovery. That motion was referred to Magistrate Judge Spector, who concluded that reciprocal discovery was

4

not warranted because the "only foreign proceeding at issue" was the Spanish Litigation, to which Appellants were not parties and in which they could not submit evidence. App'x at 527. Appellants objected to the magistrate judge's order, but the district court overruled those objections. Specifically, the district court concluded that the magistrate judge's order was not clearly erroneous given the broad discretion granted to district courts to determine if and when reciprocal discovery is warranted. We agree.

"We review the district court's decision [under section 1782] for abuse of discretion." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995).[1] Under section 1782, Congress gave district courts the authority to order a person who resides or is found in the district to produce discovery in a foreign or international proceeding. 28 U.S.C. § 1782. There are three specific statutory requirements that first must be satisfied: "(1) the person from whom discovery is

---

[1] The district court properly reviewed the magistrate judge's order for clear error, *see* Fed. R. Civ. P. 72(a), since the decision about whether to grant reciprocal discovery was nondispositive, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."). In turn, our inquiry is whether the district court abused its discretion in concluding that the magistrate judge did not clearly err or otherwise issue a decision contrary to the law. But regardless of whether this review amounts to review for an "abuse of discretion" or review for clear error, our conclusion remains the same.

sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (alteration and internal quotation marks omitted). If the statutory requirements are met, a district court has discretion to grant discovery under section 1782, so long as that discretion is exercised consistent with the purposes of the statute. *Id.*

The "twin aims" of section 1782 are to (1) "provid[e] efficient means of assistance to participants in international litigation in our federal courts" and (2) "encourag[e] foreign countries by example to provide similar means of assistance to our courts." *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) (internal quotation marks omitted). The Supreme Court has articulated a set of "non-exclusive" factors for a court to consider when exercising its discretion to grant discovery under section 1782, such as "whether the person from whom discovery is sought is a participant in the foreign proceeding," the nature and circumstances surrounding the foreign proceeding, whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions," and "whether the request is unduly intrusive or

burdensome." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (internal quotation marks omitted); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

The Supreme Court has also explained that "[w]hen information is sought by an 'interested person,' a district court [can] condition relief upon that person's reciprocal exchange of information." *Intel Corp.*, 542 U.S. at 262. Consistent with the Supreme Court, our cases permit a district court to order reciprocal discovery to address any concerns about parity between the petitioner and respondent, but we have never held that courts *must* do so. *See, e.g.*, *Euromepa S.A.*, 51 F.3d at 1102 (noting that "if the district court wished to insure procedural parity between" the section 1782 petitioner and respondent "it *could* have conditioned relief upon the parties' reciprocal exchange of information.") (emphasis added); *In re Malev Hungarian Airlines*, 964 F.2d 97, 101-02, 102 n.4 (2d Cir. 1992) (noting that "[t]he district court can, of course, accept [the petitioner's] offer to engage in 'reciprocal discovery,'" but making clear that the district court was not required to supervise such discovery). Rather than impose strict requirements on how a district court should supervise discovery, section 1782 "entrusts to the district courts many decisions about the manner in which discovery under the statute is produced,

7

handled, and used." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017). A decision about whether to condition section 1782 discovery on reciprocal discovery certainly falls within this broad grant of discretion.[2]

On appeal, Appellants contend that the district court should have upheld their objection to the magistrate judge's order because the magistrate judge wrongly concluded that only the Spanish Litigation was relevant to the section 1782 application. The ICC Arbitration, they insist, is also relevant. To be sure, we have held that section 1782 "does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *Id.* at 135. We have further held that a district court may prevent the use of section 1782 discovery in foreign proceedings through a protective order. *See id.* For instance, confronted with the possibility that "perversely incentivize[d] parties [would] . . . institute sham litigation as a cover to obtain [s]ection 1782 discovery," we held that a party could present evidence to the district court that a section 1782 "applicant is attempting to use foreign litigation as a ruse for obtaining discovery for use in

---

[2] Notably, a district court need not view itself as solely responsible for ensuring parity between parties to foreign disputes. As the Supreme Court noted in *Intel*, a "foreign tribunal can [also] place conditions on its acceptance of the information to maintain whatever measure of parity it concludes is appropriate." *Intel*, 542 U.S. at 262.

other foreign proceedings," so the district court could decide whether there was good cause for a protective order. *Id.* (internal quotation marks omitted). Here, the district court declined to prevent Sampedro from using the discovery he obtained for the Spanish Litigation in the ICC Arbitration, "given the absence of evidence that [Sampedro's] request for discovery for the Spanish Litigation is merely a ruse for obtaining evidence to use in [that] Arbitration." App'x at 427. This conclusion was wholly justified. Moreover, it did not trigger an obligation on the part of the district court to also consider the ICC Arbitration – which is separate from the foreign proceeding that is the subject of the section 1782 application – when determining whether to grant reciprocal discovery.

"[W]e previously have declined to read into [s]ection 1782 categorical restrictions that lack textual support when district courts in their discretionary review adequately can address the concerns raised." *In re Accent Delight Int'l Ltd.*, 869 F.3d at 134. We therefore decline to read into section 1782 the obligation urged by Appellants to consider all pending litigation. Nothing in the text of section 1782 even contemplates reciprocal discovery, let alone an obligation imposed on district courts to consider proceedings which are not the subject of the section 1782 application. While Congress was certainly concerned with "procedural parity," it

trusted that district courts would decide the appropriateness of reciprocal discovery. *See Euromepa S.A.*, 51 F.3d at 1102. "[M]aintaining the balance between litigants that each nation creates within its own judicial system" is "a legitimate policy consideration" in granting section 1782 discovery, but "Congress intended that [such] concerns be addressed by a district judge's exercise of discretion." *In re Gianoli Aldunate*, 3 F.3d 54, 60 (2d Cir. 1993); *see In re Esses*, 101 F.3d at 876 ("Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems."). Congress also clearly intended to delegate to district courts the discretion to "prescribe the practice and procedure" involved in discovery, 28 U.S.C. § 1782, which included an intent to allow a court to "impose conditions it deems desirable." *In re Accent Delight Int'l Ltd.*, 869 F.3d at 134 (quoting S. Rep. No. 88-1580 (1964), *as reprinted in* 1964 U.S.C.C.A.N. 3782, 3788).

So long as a court fulfills its duty to fashion section 1782 discovery consistent with the "twin aims" of the statute, we see no basis for announcing new obligations under the facts presented here. We find nothing in the text, legislative history, or purposes of section 1782 that commands a district court to consider all foreign proceedings when granting or denying reciprocal discovery. Rather,

Congress granted district courts broad discretion to grant or deny reciprocal discovery.

Perhaps understanding this broad discretion, Appellants also argue that their interest in the Spanish Litigation alone justifies reciprocal discovery, and thus the district court abused its discretion. Specifically, Appellants contend that the magistrate judge created a bright-line rule that reciprocal discovery is only available to *parties* to the foreign proceeding that was the subject of the section 1782 application. Here, of course, Appellants are not named parties to the Spanish Litigation, though they maintain that they have a "substantial interest" in that litigation as members of the Board and significant shareholders of Codere. Appellants' Br. at 15. But we do not view the magistrate judge – or district court's upholding of the magistrate judge's order – as creating such a bright-line rule. Instead, we see a permissible exercise of the court's discretion to grant reciprocal discovery. Put simply, it was not unreasonable for the court to consider whether the party seeking reciprocal discovery would be able to *use* that discovery in the foreign proceeding that was the subject of the section 1782 application. *Cf. Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 120 (2d Cir. 2015) (concluding that non-parties to a foreign litigation are not entitled to discovery

11

under section 1782 where they cannot establish "they are in a position to use the evidence they seek" in those proceedings).[3] And, even assuming that Appellants here may have been able to partake in the Spanish Litigation by virtue of their affiliation with Codere, that does not compel the conclusion that they would be entitled to reciprocal discovery here.

In light of the high level of discretion given to district courts to determine whether and under what circumstances reciprocal discovery is appropriate, we conclude that the district court did not abuse its discretion. Accordingly, we AFFIRM the judgment of the district court.

---

[3] In making their argument, Appellants appear to read Judge Sweet's decision in *Application of Consorcio Minero, S.A. v. Renco Grp.*, No. 11-mc-354 (RWS), 2012 WL 1059916, (S.D.N.Y. Mar. 29, 2012), as binding authority. There, the district court found reciprocal discovery appropriate because the applicant had a "substantial interest" in the relevant actions. *Id.* at *4. While we take no issue with this reasoning, we do not view it as mandatory, or an abuse of discretion to hold otherwise on the facts here.