Bertrand **LEOPOLD**, Plaintiff-Appellant,

v.

Edward J. **FITZGERALD**, Jr., as District Director of the Internal Revenue Service (Manhattan District), Harold R. All, as Regional Commissioner of the Internal Revenue Service (North Atlantic Region), John W. Macy, Jr., L. J. Andolsek and Robert E. Hampton, as Chairman, Vice-Chairman and Member, respectively of the United States Civil Service Commission, and Sheldon S. Cohen, as Commissioner of Internal Revenue Service, Defendants-Appellees.

No. 416, Docket 34018.

United States Court of Appeals
Second Circuit.

Submitted Jan. 12, 1970.

Decided Jan. 14, 1970.

Arthur E. Arnow, New York City (Michaels & Michaels & Wigdor, Stuart S. Sherman, New York City, of counsel), submitted brief for appellant.

David L. Katsky (Robert M. Morgenthau, U. S. Atty., New York City, Peter R. DeFilippi, New York City, of counsel), submitted brief for appellees.

Before KAUFMAN and FEINBERG, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

Leopold appeals from an order granting summary judgment on Item 1 of his

---

* Of the Southern District of New York, sitting by designation.

prayer for relief in a declaratory judgment action attacking his dismissal from the Internal Revenue Service. That item sought a declaration that failure to produce Leopold's immediate superior, Church, at a Civil Service Commission hearing, violated Leopold's Fifth Amendment rights of confrontation. Additional items attacked the substantiality of the evidence, scope of review at the hearing, and similar alleged violations of appropriate administrative procedures. While we might be inclined to reach the merits of the diaphanous issues urged by Leopold, we are foreclosed by 28 U.S.C. § 1291 (1964), which permits appeals only from "final judgments."

A close reading of the complaint reveals that the only claim alleged is that Leopold was improperly discharged from his position. Item 1, on which Judge Ryan granted summary judgment in favor of the appellees, merely set forth one of eleven specific theories on which the dismissal is attacked. We have recognized that separable decisions with important collateral consequences may under certain circumstances be final in every practical sense while other issues remain yet to be tried, see Eisen v. Carlisle & Jacquelin, et al., 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967) ; MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958) ; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ; but we have never condoned piecemeal appeals to review "a part of a single claim or, as here, to test a single legal theory of recovery." Schwartz v. Eaton, 264 F.2d 195, 196 (2d Cir. 1959) ; Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339, 341 (2d Cir. 1963). See also Original Ballet Russe v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943).

The appeal is dismissed.