**In re the Application of ISHIHARA CHEMICAL CO., LTD., for an Order to take Discovery of Shipley Company, L.L.C., Pursuant to 28 U.S.C. § 1782.**

**Ishihara Chemical Co., Ltd., Petitioner/Appellee/Cross–Appellant,**

v.

**Shipley Company, L.L.C., Respondent/Appellant/Cross–Appellee.**

**Docket Nos. 00–9580(L), 01–7109(XAP).**

United States Court of Appeals, Second Circuit.

Argued March 14, 2001.

Decided May 25, 2001.

David L. Just (Donald C. Lucas, on the brief), Lucas & Just LLP, New York, NY, for Petitioner/Appellee/Cross–Appellant Ishihara Chemical Co., Ltd.

F. Dominic Cerrito (Scott D. Jacobson, on the brief), Pennie & Edmonds, LLP, New York, NY, for Respondent/Appel-

lant/Cross–Appellee Shipley Company, L.L.C.

Before SOTOMAYOR and KATZMANN, Circuit Judges, and CHIN, District Judge.*

CHIN, District Judge:

Shipley Company, L.L.C. ("Shipley") and Ishihara Chemical Company, Ltd. ("Ishihara") are parties to a patent invalidity proceeding before the Japanese Patent Office (the "JPO") in Tokyo, Japan. Ishihara petitioned the district court for discovery, pursuant to 28 U.S.C. § 1782, "for use in" the proceeding before the JPO. The district court granted the petition in part and denied it in part, allowing depositions and document discovery but ultimately disallowing interrogatories and requests for admissions.

Shipley appealed. Ishihara cross-appealed to the extent the district court disallowed the additional discovery. While the appeals were pending, the JPO conducted the hearing on the merits in the invalidity proceeding. Shipley now argues that because the requested discovery is no longer needed "for use in" a foreign proceeding, the petition—and these appeals—should be dismissed as moot. We agree.

## BACKGROUND

### A. *Facts*

Ishihara is a Japanese corporation that sells products used for tin and tin-alloy electroplating. Shipley is a Delaware corporation, with a place of business in Freeport, New York. It is a direct competitor of Ishihara. In January 1999, Shipley assumed the ownership of certain United States and Japanese patents, including Japanese Patent Number 2,140,707 (the "'707 patent").

### B. *Prior Proceedings*

#### 1. *The JPO*

On July 14, 1999, Ishihara commenced the invalidity proceeding before the JPO, challenging the validity of the '707 patent. After several delays, the JPO held an evidentiary hearing—the equivalent of the trial on the merits—on January 17, 2001. According to Ishihara, the JPO was expected to rule in May 2001.

#### 2. *The District Court*

On October 26, 1999, Ishihara filed an *ex parte* application in the Eastern District of New York, seeking an order allowing discovery from Shipley for use in the JPO proceeding, pursuant to 28 U.S.C. § 1782. The proposed discovery related both to the '707 patent as well as to another patent, and it included depositions, requests for production of documents, requests for admissions, and interrogatories. Ishihara later withdrew its request for discovery on the other patent "because no action had been instituted before the JPO concerning that patent."

On April 18, 2000, the district court issued an order granting Ishihara all of its proposed discovery of Shipley under 28 U.S.C. § 1782 with respect to the '707 patent. Shipley moved to vacate the order, asserting, among other things, that § 1782 does not authorize discovery from a party to a foreign proceeding, the statute does not encompass discovery in the form of requests for admissions and interrogatories, and a proceeding before the JPO is not a proceeding "in a foreign or international tribunal," as required by the statute.

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

On November 16, 2000, after briefing and oral argument, the district court again granted discovery, but vacated that part of its April 18, 2000, order permitting interrogatories, document requests in response to interrogatories, and requests for admission (the "November 16, 2000, decision"). *In re the Application of Ishihara Chem. Co.*, 121 F.Supp.2d 209 (E.D.N.Y.2000) ("*In re Ishihara*"). In addition, the district court referred the resolution of any residual discovery disputes to Magistrate Judge Cheryl Pollak, including the determination of whether Ishihara was asking Shipley to divulge trade secrets and ruling on Shipley's motion to stay discovery pending appeal. *Id.* at 225.

On December 19, 2000, upon Shipley's request, the district court entered judgment implementing its November 16, 2000, decision, pursuant to Federal Rule of Civil Procedure 54(b). *In re the Application of Ishihara Chem. Co.*, No. 99 Misc. 232(FB), 2000 WL 1898484 (E.D.N.Y. Dec. 19, 2000). That same day, Magistrate Judge Pollak instructed Shipley that she would stay discovery if Shipley immediately filed a notice of appeal and an emergency motion seeking a stay of discovery.

## C. *The Present Appeals*

Shipley appealed to this Court on December 20, 2000, and filed its emergency motion on December 26, 2000. This Court heard oral argument on Shipley's emergency motion for a stay of discovery on January 16, 2001, and granted the request for a stay the following day (the same day that the JPO proceeding's evidentiary hearing occurred). On January 19, 2001, Ishihara filed a notice of cross-appeal with respect to the district court's denial of its requests for admissions and interrogatories.

In its appeal brief, Ishihara acknowledged that: "The evidence sought by Ishihara was originally scheduled to be presented to the JPO at trial on January 17, 2001; however, that trial has now been concluded." Implicitly conceding that the requested evidence would not be used in the current JPO proceeding, Ishihara proposed that "any discovery obtained herein will be used in a new invalidity proceeding to be instituted in Japan." As a consequence, Shipley promptly moved to dismiss the appeal on the grounds that the requested discovery would not be "for use in" any "ongoing proceeding," as required by § 1782, but rather "in some future, speculative proceeding." Hence, Shipley argues that Ishihara now fails to satisfy the requirements of § 1782.

On February 26, 2001, the Court directed the parties to provide supplemental briefing on two issues. The first was whether, in light of its new argument, Ishihara had satisfied § 1782's requirement that discovery is authorized only where an adjudicative proceeding is "imminent—[i.e.,] very likely to occur and very soon to occur," *General Universal Trading Corp. v. Morgan Guaranty Trust Co. (In re Int'l Assistance (Letter Rogatory) for the Federative Republic of Brazil)*, 936 F.2d 702, 706 (2d Cir.1991) ("*Brazil*"), and whether this appeal was moot. The second issue was whether this appeal concerns only one aspect of a single claim for relief and, if so, whether the district court's judgment was reviewable under Rule 54(b).[1]

---

1. Because we are dismissing the appeal as moot, we need not decide the Rule 54(b) issue. We do, however, note our concern. Under Rule 54(b), a district court may certify a judgment as final in an action where "more than one claim for relief is presented" and the judgment resolves "one or more but fewer than all of the claims." Fed.R.Civ.P. 54(b). Here, there really was only one claim—Ishihara's "claim" for discovery. Although the

In its supplemental brief, submitted on March 1, 2001, Ishihara again shifted its position as to how it would use the requested discovery, stating that it intended to use the § 1782 discovery in one of two ways: either it "will attempt to introduce that evidence in the currently pending Japanese invalidity proceeding," or, if unable to do that, it will "institute a second proceeding to invalidate Shipley's JP '707 patent."

At oral argument on March 14, 2001, counsel for Ishihara acknowledged that, with respect to his client's intended use of the discovery, Ishihara would have to wait for the JPO to ask for additional evidence before Ishihara could submit such evidence in the JPO proceeding.

## DISCUSSION

### A. Standard of Review

█ This Court has held that "[a] review of a district court's decision under § 1782 ... has two components: the first, as a matter of law, is whether the district court erred in its interpretation of the language of the statute and, if not, the second is whether the district court's decision to grant discovery on the facts before it was in excess of its discretion." *Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2d Cir.1996) (per curiam); *accord Euromepa S.A. v. R. Esmerian, Inc. (In re Euromepa)*, 154 F.3d 24, 27 (2d Cir.1998) (quoting *Esses*). Hence, we review de novo the district court's determination of whether Ishihara satisfied § 1782's requirements; and, if the requirements are satisfied, we review the district court's de-

cision to grant discovery for abuse of discretion. *See Euromepa*, 154 F.3d at 27.

### B. 28 U.S.C. § 1782

█ Section 1782 of Title 28 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.

28 U.S.C. § 1782(a). The twin aims of the statute are to provide "efficient means of assistance to participants in international litigation in our federal courts" and to encourage "foreign countries by example to provide similar means of assistance to our courts." *Euromepa*, 154 F.3d at 28 (quoting *Malev Hungarian Airlines v. United Techs. Int'l, Inc.*, 964 F.2d 97, 100 (2d Cir.1992)).

█ Three elements must be satisfied before § 1782 may be invoked: "(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any interested person.'" *Id.* at 27 (quoting *Esses*, 101 F.3d at 875).

█ As to the second element, the only element still in dispute in this case, this Court has paid particular attention to two issues: whether the foreign proceeding is

---

district court below had concluded that the requirements of § 1782 had been met, it never reached the alternative defense that the discovery request sought non-discoverable trade secrets. Hence, the judgment below does not appear to have resolved Ishihara's claim for discovery. *See Leopold v. Fitzgerald*,

421 F.2d 838, 838 (2d Cir.1970) (noting that the court cannot, under Rule 54(b), review a decision concerning only "a part of a single claim" or a decision that denies relief pursuant to a "single legal theory of recovery" where alternative theories have also been presented).

"adjudicative in nature" and whether there actually is a foreign proceeding. *See id.* As to the first issue, which the district court addressed in its November 16, 2000, decision, *see In re Ishihara*, 121 F.Supp.2d at 215–18, Shipley has not challenged the district court's conclusions that "a proceeding before the JPO seeking to invalidate a patent is an adversarial proceeding and . . . the JPO is a neutral adjudicator of the parties' dispute." *Id.* at 218. Hence, we need not address this issue. As to the second issue, which the district court did not address, this Court has held that "a proceeding need not actually be pending, but rather . . . a proceeding must be 'imminent—very likely to occur and very soon to occur.'" *Id.* at 28 (quoting *Brazil*, 936 F.2d at 706). We address this issue below.

## C. *Application*

■ Although Ishihara's position as to how it will use the discovery has shifted since the commencement of this appeal, it has offered two general scenarios: one, introducing the discovery into the current JPO proceeding, even though the JPO has already conducted an evidentiary hearing; or, two, using the discovery in an entirely new proceeding, which Ishihara will initiate after it obtains the discovery. We hold that neither of these arguments satisfies § 1782: first, there is no merit to Ishihara's claim that it will "attempt" to introduce new evidence in the current JPO proceeding; and second, we decline to consider the possibility of a new invalidity proceeding, however imminent, as Ishihara's application to the district court was not based on a need for discovery in any such new proceeding.

2. The declaration was submitted to the Court on March 6, 2001, together with Shipley's supplemental brief. As in *Euromepa*, we rely on the parties' declarations to this Court to analyze the foreign law issue. *See* 154 F.3d at 29 (relying on "the affidavits and other

### 1. *The Current JPO Proceeding*

In its supplemental brief, Ishihara stated that it would "attempt to introduce [the § 1782] evidence in the currently pending Japanese invalidity proceeding." At oral argument, however, counsel for Ishihara acknowledged that he did not know if Ishihara could use the discovery in the current JPO proceeding and that Ishihara would have to wait for the JPO to ask for such evidence.

To determine whether the discovery is "for use in" the current JPO proceeding, as required by § 1782, we must consider whether, under Japanese law, the JPO permits a party to introduce new evidence. *See Euromepa*, 154 F.3d at 29 (noting that it is appropriate to consider the "for use in" language in this manner). On this issue, Shipley provided the declaration of Sumiko Kobayashi, a Japanese patent attorney and a former patent and trial examiner in the JPO,[2] who states:

> The JPO is generally hesitant to allow the use of any new evidence that is not submitted with the petition that initiates the invalidity proceeding. Japanese Patent Law, Article 131, Section 2 provides that a party that initiates an invalidity proceeding shall not be allowed to amend its petition when the amendment changes the gist of the proceeding. According to the Guidelines for an Invalidation Trial, . . . adding a piece of evidence or replacing a piece of evidence to prove a fact that is a reason for invalidity is an improper amendment to the invalidity petition. Based on the above guidelines, my understanding of JPO

material submitted by the parties"); *cf. Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir.2000) (relying on briefs and affidavits that the parties submitted in response to the Court's request for supplemental briefing).

practice and procedure, and my experience practicing before the JPO, it is my professional opinion that Ishihara will not be able to use any new evidence in its current invalidity proceeding, including the evidence it currently seeks from Shipley in the United States.

(Sumiko Kobayashi Decl., March 5, 2001, ¶ 5).[3] In addition to this evidence, we note that Ishihara itself has represented to this Court that it would be unable to use the requested discovery in the current JPO proceeding once the evidentiary hearing on January 17, 2001, had concluded. For example, in opposition to a stay of discovery pending appeal, Ishihara argued to this Court that: "There is no question that Ishihara will be irreparably damaged if a stay is granted.... If Shipley is successful in obtaining a stay, *a later-issued final decision favorable to Ishihara would come too late to be of any use at the January 17 invalidity trial in Japan.*" (Ishihara Chem. Co., Ltd., Opp. to Shipley Co. L.L.C.'s Emergency Motion Pursuant to Fed.R.App.P. 8(a) for a Stay Pending Appeal, dated January 4, 2001, at 7 (emphasis added)). After the January 17, 2001, hearing occurred, Ishihara stated in similar fashion in its Appellee's Brief that: "The evidence sought by Ishihara was originally scheduled to be presented at the JPO trial on January 17, 2001; however, that trial has now been concluded. Therefore, any discovery obtained herein will be used in a new invalidity proceeding to be instituted in Japan."

Accordingly, as it is evident that the discovery could not be "for use in" the current JPO proceeding, Ishihara has not satisfied § 1782's requirements with this argument, and the appeal, therefore, is moot. *See Euromepa,* 154 F.3d at 29 ("[T]he district court was correct in dismissing the Petition as moot because at that time there were no foreign proceedings, within the meaning of the statute, in which the discovery could be used."); *see also Dennin v. Connecticut Interscholastic Athletic Conference, Inc.,* 94 F.3d 96, 100 (2d Cir.1996) ("An appeal becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" (quoting *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam))).

### 2. *A New Invalidity Proceeding*

■ The district court's November 16, 2000, decision related solely to the invalidity proceeding that Ishihara "initiated ... against Shipley in the JPO ..., and [which] currently is pending before that foreign body." *In re Ishihara,* 121 F.Supp.2d at 215. In granting Ishihara's

---

3. On March 9, 2001, Ishihara submitted the Declaration of Osami Nakano, which seeks to contradict Kobayashi's Declaration. The Nakano declaration, however, is not persuasive. First, unlike Kobayashi, Nakano does not cite to any Japanese legal or statutory authority to support his declarations. Second, Nakano declares that "by the end of May 2001," Shipley "is expected" to file a response to the evidence that was presented to the JPO on January 17, 2001. (Nakano Decl. ¶ 5). Yet, Ishihara has asserted in earlier papers that the JPO is expected to rule by May 2001. (Ishihara Supp. Brief at 5). Moreover, until Shipley files its response, Nakano acknowledges that "Ishihara has no right to submit additional evidence." (Nakano Decl. ¶ 5). Third, Ishihara's ability to submit new evidence is based entirely on speculation and weak assertions. For example, Nakano declares that: Ishihara may include additional evidence in its counter-argument to Shipley's response only if the JPO "agree[s] that it wants [it]" (*id.* ¶ 6); if Shipley amends its claims as part of its response, as it is permitted (but not required) to do, then Ishihara may submit additional evidence with respect to the amendment (*id.*); and, while "Kobayashi is correct that '[t]he JPO is *generally hesitant* to allow the use of any new evidence,'" "there is no absolute prohibition against [it]." (*Id.* (emphasis in original)).

§ 1782 application, the district court did not consider, nor was it asked to consider, any invalidity proceedings before the JPO that Ishihara might initiate against Shipley in the future. Thus, by arguing now that it will present this discovery as part of a new invalidity proceeding before the JPO, Ishihara asks this Court to consider facts and issues that were not part of its application to the district court and that did not form the basis of the district court's rulings. As the Supreme Court has held "[i]t is the general rule ... that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *accord Krumme v. Westpoint Stevens, Inc.,* 238 F.3d 133, 142 (2d Cir.2000) (quoting *Singleton*).

In addition, Ishihara's argument does not fall within the exception to this "general rule." Ishihara has not raised a "purely legal" issue with "no need for additional fact-finding," and our consideration of Ishihara's argument is not "necessary to avoid manifest injustice." *Krumme,* 238 F.3d at 142 (quoting *Readco, Inc. v. Marine Midland Bank,* 81 F.3d 295, 302 (2d Cir.1996)). Rather, Ishihara's assertion that it will initiate a new invalidity proceeding is purely factual and would require additional fact-finding, such as determining the validity of Ishihara's claims that it has grounds to initiate a new proceeding.[4] Also, Ishi-

hara has made no showing at all of the potential for "manifest injustice." Accordingly, we decline to consider Ishihara's argument that it will present this discovery as part of a new invalidity proceeding.

**D.  *Ishihara's Cross-Appeal***

As Ishihara has not satisfied the requirements of § 1782, Ishihara's cross-appeal of the denial of its request for interrogatories and requests for admissions is also dismissed as moot.

## CONCLUSION

For the reasons stated above, the appeal and cross-appeal are dismissed as moot. The judgment is vacated, and the matter is remanded with instructions for the district court to dismiss Ishihara's § 1782 petition as moot. *See Dennin,* 94 F.3d at 101 ("When a case becomes moot while an appeal is pending by virtue of circumstances not attributable to the appealing party, not only is this Court required to dismiss the appeal, but also the district court is required to dismiss the action....").[5]

---

4.  It is certainly questionable whether a proceeding that has yet to be initiated would satisfy § 1782's "imminent" requirement. Ishihara is relying on mere speculation not only as to the commencement of such a proceeding, but also as to its need for discovery in such a proceeding. *Cf. Euromepa,* 154 F.3d at 29 ("[A]s conceded by Petitioners, ... a motion to reopen will not even be made, let alone granted, absent newly discovered evidence. The motion to reopen is thus neither very likely to occur nor very soon to occur.... The motion ... cannot serve as a predicate foreign proceeding for the [§ 1782] Petition."). Indeed, Shipley's concerns of a

"fishing expedition" are well-founded under these circumstances.

5.  In view of our determination that the appeal must be dismissed as moot, we do not consider the merits of the district court's decision. *See Esses,* 101 F.3d at 875 (setting forth elements for review of § 1782 discovery orders). We note, however, that the district court's decision left Shipley in an anomalous position—it was required to provide discovery to Ishihara, but it could not obtain any discovery from Ishihara in return. Because Ishihara has no presence in the United States, Shipley is not able to obtain discovery from Ishihara

in the United States pursuant to § 1782(a). Because Japan does not provide for discovery in invalidity proceedings before the JPO, Shipley is not able to obtain discovery from Ishihara in Japan. Yet, the district court's order would allow Ishihara to obtain discovery from Shipley in the United States. Were we to reach the merits of this appeal, we would have to consider whether allowing such imbalanced discovery to proceed under the circumstances of this case would be an abuse of the district court's discretion. *Id.*