**U.S. PHILIPS CORP., Respondent–Appellant,**

v.

**IWASAKI ELECTRIC CO., LTD., Petitioner–Appellee.**

**Docket No. 05–2569.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

Sean S. Buckley (Steven H. Reisberg and Carolyn Lisa Miller, on the brief), Willkie Farr & Gallagher LLP, New York, New York, for Appellant.

John B. Pegram (John T. Johnson and Stacy J. Grossman, on the brief), Fish & Richardson P.C., New York, New York, for Appellee.

PRESENT: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.[1]

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of August, two thousand five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the production order of the district court, entered on May 26, 2005, pursuant to 28 U.S.C. § 1782, is hereby AFFIRMED, and the stay previously issued pending resolution of this appeal is hereby VACATED.

Petitioner-appellee Iwasaki Electric Co. brought a miscellaneous action against respondent-appellant U.S. Philips Corp. seeking a court order, pursuant to 28 U.S.C. § 1782, permitting Iwasaki to use discovery materials obtained in a United States patent litigation in related foreign patent actions involving, *inter alia*, these parties and Koninklijke Philips Electronics N.V. ("Royal Philips"), the parent company of U.S. Philips. The district court granted Iwasaki's request, *see In re: Application of Iwasaki Elec. Co.*, No. M 19–82, 2005 WL 1251787, 2005 U.S. Dist. LEXIS 10185 (S.D.N.Y. May 26, 2005), and U.S. Philips appeals. We assume the parties' familiarity with the facts and proceedings to date, which we reference only as necessary to explain our decision.

Title 28 U.S.C. § 1782(a) provides, in relevant part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal...." We construe the language of this statute *de novo*, but we review a district court's rulings pursuant thereto deferentially for abuse of discretion. *See Edelman v. Taittinger (In re: Edelman)*, 295 F.3d 171, 175 (2d Cir.2002) (citing *Esses v. Hanania (In re: Esses)*, 101 F.3d 873, 875 (2d Cir.1996) (*per curiam* )); *accord In re: Application of Ishihara Chem. Co.*, 251 F.3d 120, 124 (2d Cir.2001).

In this case, the district court identified U.S. Philips as a person residing or found in the district who possessed the documents at issue. We agree that, even if the documents are in the actual possession of counsel for U.S. Philips and Royal Philips, the record supports a finding that U.S. Philips constructively possesses the documents. *See United States v. Dhinsa*, 243 F.3d 635, 677 (2d Cir.2001) (recognizing that constructive possession may be either sole or joint). Thus, because both client and counsel are in the Southern District of New York, this case does not require us to resolve any question about attorney pos-

---

1. The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

**518**

session left open by *Schmitz v. Bernstein Liebhard & Lifshitz,* 376 F.3d 79, 85 n. 6 (2d Cir.2004).

At oral argument, U.S. Philips asserted that any possession on its part is, nevertheless, necessarily limited by the stipulated protective order in the United States patent litigation. U.S. Philips contends that the district court erred in modifying the protective order to grant Iwasaki's § 1782 motion without requiring Iwasaki to show the sort of "extraordinary circumstance or compelling need" required by this court in *SEC v. TheStreet.com.* 273 F.3d 222, 229 (2d Cir.2001) (quoting *Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2d Cir.1979)).

We disagree. While paragraph 10 of the protective order prohibits certain uses of discovery materials, paragraph 11 clearly contemplates the possibility that the parties will wish to use confidential material in related actions and, accordingly, provides that, "[i]f the producing party objects," then "the party seeking disclosure may move before [the district court] for an order allowing such disclosure." Thus, the district court, in ruling on Iwasaki's § 1782 application, enforced rather than modified the terms of the protective order. Although U.S. Philips contends that the parties did not intend paragraph 11 to permit disclosure absent a showing of extraordinary circumstance or compelling need, the plain language of the protective order, which affords broad discretion to the district court, does not support that argument. Indeed, if U.S. Philips and Royal Philips had wished to limit paragraph 11 disclosure in such a fashion, these sophisticated parties could certainly have drafted the protected order to so state. They did not.

In sum, we reject U.S. Philips's argument that the protective order somehow limits its possession of the documents at issue so as to exempt it from § 1782 production. We further conclude that the district court, in entering the challenged § 1782 order, neither modified the protective order nor acted outside its discretion.

The order of the district court, entered on May 26, 2005, pursuant to 28 U.S.C. § 1782 is hereby AFFIRMED and this court's stay of that order is hereby VACATED.