**In re Request for Legal Assistance from the Netherlands in the Criminal Matter of Robert WILHELM and Others.**

No. M19–99.

United States District Court,
S.D. New York.

Jan. 23, 2007.

MEMORANDUM AND OPINION

HAIGHT, Senior District Judge.

The office of the United States Attorney for this district presented to this Court, sitting in Part I, a request from the Kingdom of the Netherlands for legal assistance in aid of a criminal investigation the Functional Prosecutor's Office in Amsterdam is conducting into certain Dutch residents for alleged insider trading in connection with the public offering of shares in a Dutch corporate entity. Specifically, the

United States Attorney applied for an order appointing a Commissioner empowered to issue subpoenas, take testimony, and obtain other evidence from an employee of an investment bank within this district. The evidence sought is described in a Letter of Request issued by the Examining Magistrate of the Court in Amsterdam, the Netherlands. The application to this Court was based upon 28 U.S.C. § 1782, and the Treaty Between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters, signed at The Hague on June 12, 1981, and entered into force on September 15, 1983.

28 U.S.C. § 1782(a) presently provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, *including criminal investigations before formal accusation.* The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Congress added the italicized phrase as an amendment to the statute in 1996.

In support of the instant application, the United States Attorney submitted a brief which said at page 6, ¶ 12: "Such assistance may be granted if an adjudicative proceeding is pending or, in the absence of a pending proceeding, when such a proceeding is imminent, *i.e.,* very likely to occur within a brief interval from the request." For that proposition the brief cited *In re Application of Ishihara Chem. Co. Ltd.,* 251 F.3d 120, 125 (2d Cir.2001), which in turn cited and quoted *In re Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil,* 936 F.2d 702, 703 (2d Cir.1991).

If that were a correct statement of the governing law, a substantial question would have arisen with respect to the propriety of the Court issuing the order applied for in the present case. It was by no means clear from the documents submitted in support of the application that the Amsterdam Examining Magistrate's investigation into the suspected criminal conduct had progressed to the point where it could be said with confidence that an "adjudicative proceeding" was "very likely to occur within a brief interval" from the time of that judicial officer's request. But I need not pursue that question further because the United States Attorney's brief misstates the law. I write this Opinion to correct that misstatement because, while sitting in Part I, I received a number of applications for legal assistance pursuant to § 1782, and in each case the United States Attorney's brief contained exactly the same language that I have quoted. One suspects that this language dwells deep in the bowels of a Government word processor.

In *Ishihara,* decided in 2001, the Second Circuit did indeed say at 251 F.3d at 125 that "this Court has held that 'a proceeding need not be actually pending, but rather … a proceeding must be imminent—very likely to occur and very soon to occur,'" quoting *Brazil,* 936 F.2d at 706, a 1991 decision. However, in *Intel Corporation v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004), the Supreme Court expressly disapproved *Ishihara* and *Brazil. Intel* arose out of a request under § 1782(a) for the assistance of a federal district court in the production of evidence in the United

States to support an antitrust complaint filed with the Commission of the European Communities. Among other questions, the Court granted certiorari on this one:

> [M]ust a "proceeding" before a foreign "tribunal" be "pending" or at least "imminent" for an applicant to invoke § 1782(a) successfully? Compare *In re Letter of Request from Crown Prosecution Serv. Of United Kingdom*, 870 F.2d 686, 691 (C.A.D.C.1989) (proceeding must be "within reasonable contemplation"), with *In re Ishihara Chemical Co.*, 251 F.3d 120, 125 (C.A.2 2001) must be "imminent—very likely to occur and very soon to occur"; *In re International Judicial Assistance (Letter Rogatory) for Federative Republic of Brazil*, 936 F.2d 702, 706 (2d Cir.1991) (same).

542 U.S. at 253–54, 124 S.Ct. 2466. The Court, answering that question "no," held:

> In short we reject the view, expressed in *In re Ishihara Chemical Co.*, that § 1782 comes into play only when adjudicative proceedings are "pending" or "imminent—very likely to occur and very soon to occur" (internal quotation marks omitted). Instead, we hold that § 1782(a) requires only that a dispositive ruling by the Commission, reviewable by the European courts, be within reasonable contemplation. See *Crown Prosecution Serv. of United Kingdom*, 870 F.2d at 691; *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1155, and n. 9 (11th Cir.1988); Smit, International Litigation 1026 ("It is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the

evidence is eventually to be used in such a proceeding.").

*Id.* at 259, 124 S.Ct. 2466.

In the case at bar, the tenor of the submissions by the Dutch authorities enabled me to conclude without difficulty that an "adjudicative proceeding," which is to say a "formal accusation," against the individuals in question lies within "reasonable contemplation." Accordingly I signed the Order applied for by the United States Attorney.[1] I write this Opinion for publication so that the United States Attorneys' briefs in such cases may be corrected, District Judges in this Circuit not be misled, villains not prosper, and this nation's relations with other sovereign states not be impaired.

---

**1.** The Supreme Court's decision in *Intel* applies to the present case *a fortiori*, since the underlying foreign proceeding in that case was civil in nature. The present case arises out of a criminal investigation, and so falls within the 1996 amendment to § 1782(a), which amplifies the definition of "a proceeding in a foreign or international tribunal" by the phrase "including criminal investigations conducted before formal accusation." It is worth noting that the 1996 amendment said "before," not *"just* before," an accusation.