**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-20771

EL PASO CORPORATION,

Respondent–Appellee,

v.

LA COMISION EJECUTIVA HIDROELECTRICA DEL RIO LEMPA,

Movant–Appellant.

v.

ROBERT HART,

Movant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-MC-335

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

La Comision Ejecutiva Hidroelectrica Del Rio Lempa (CEL) appeals the district court's denial of its request for discovery for use in a private international arbitration proceeding pursuant to 28 U.S.C. § 1782. We affirm.

**I**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

CEL brought this suit to obtain discovery from a party in the United States for use in a private international arbitration in Geneva, Switzerland. The arbitration involves a contractual dispute between CEL, a state-owned utility company in El Salvador, and Nejapa Power Company (NPC), a utility company that contracted to construct a power plant and provide power to CEL for twenty years. Appellee El Paso Corporation is a company related to NPC from whom CEL seeks discovery for use in the arbitration. The arbitration is being conducted pursuant to the parties' agreement under the United Nations Commission on International Trade Law (UNCITRAL) arbitration rules, El Salvadoran substantive law, and Swiss procedural law.

The Swiss arbitral tribunal rejected CEL's request for broad discovery and issued an order limiting document production to those papers that were "relevant and material to the outcome of the case." The arbitral tribunal also established a time line for serving document requests and issuing rulings on any objections. At the same time, CEL filed ex parte § 1782 applications in two federal district courts, one in the District of Delaware and one in the Southern District of Texas, to obtain production of documents and depositions. The Texas application sought depositions from three El Paso employees, as well as Robert Hart, a legal representative for a company acquired by El Paso.

Both district courts granted the ex parte § 1782 applications, and CEL issued document production requests and deposition subpoenas to El Paso and Hart. Up until this point, El Paso, Hart, NPC, and the arbitral tribunal had not been informed of the § 1782 applications. El Paso and Hart filed motions for protection and reconsideration in the Texas district court arguing that CEL made material misrepresentations in its application and failed to apprise the court of Second and Fifth Circuit opinions directly on point. The arbitral tribunal issued an order expressing its views on the § 1782 application, noting that it was not receptive to these discovery efforts.

2

The Texas district court granted El Paso and Hart's motions for reconsideration, which it treated as a Rule 60(b) motion for relief from a judgment or order; vacated its ex parte order; and quashed the outstanding discovery requests. Relying on the Fifth Circuit's precedent in *Republic of Kazakhstan v. Biedermann International*,[1] the court held that § 1782 did not apply to discovery for use in a private international arbitration. The court also held that, even if it did have the authority under § 1782, "it would not [grant the application], out of respect for the efficient administration of the Swiss arbitration."

CEL appealed the Texas district court's grant of the Rule 60(b) motion and moved for an expedited appeal, arguing that the appeal may be rendered moot if the evidentiary hearing for the arbitration were to take place before the court ruled. This court denied the motion for expedited appeal. Subsequently, the evidentiary hearing in the arbitration concluded, after which the arbitral tribunal closed the evidence. El Paso then filed a motion to dismiss the appeal as moot, which was carried forward with the appeal.

## II

In its motion to dismiss the appeal as moot, El Paso argues that because the evidentiary hearing for the arbitration has concluded and the arbitration panel has closed the evidence, the discovery CEL seeks with its § 1782 application can no longer be used in the arbitration and there is no longer a live case or controversy. This circuit has never addressed the issue of mootness with respect to a request for discovery under § 1782. The Second Circuit has held that, where the proceeding in which the discovery is to be used has already

---

[1] 168 F.3d 880 (5th Cir. 1999).

concluded such that the § 1782 discovery can no longer be used in the proceeding, the appeal of a § 1782 application becomes moot.[2]

In *In re Application of Ishihara Chemical Co.*, for example, the Second Circuit held that an appeal of the district court's denial of a § 1782 application seeking evidence for use in a Japanese patent invalidity proceeding became moot when the evidentiary hearing in the proceeding concluded while the appeal was pending.[3] But unlike in *Ishihara*, in which it was clear to the court that the § 1782 movant had no means of using the evidence in the invalidity proceeding after the evidentiary hearing had closed,[4] here, a mechanism exists for CEL to introduce the evidence in the Swiss arbitral tribunal. Under UNCITRAL arbitration rules, an "arbitral tribunal may, if it considers it necessary owing to exceptional circumstances, decide, on its own motion or upon application of a party, to reopen the hearings at any time before the award is made."[5] If CEL discovers new evidence from its § 1782 application, it may ask the arbitral tribunal to reopen the evidentiary hearing to consider the evidence. Though this might be unlikely given the arbitral tribunal's expressed disapproval of CEL's discovery efforts in the United States, the possibility is enough to prevent the appeal from becoming moot. Having concluded that a live case or controversy still exists, we will address the merits of the appeal.

## III

We review the decision to grant a Rule 60(b) motion for abuse of discretion. Such a motion can be granted for a number of reasons, including "mistake,

---

[2] *See In re Application of Ishihara Chem. Co.*, 251 F.3d 120 (2d Cir. 2001); *Euromepa, S.A. v. R. Esmerian, Inc. (In re Application of Euromepa)*, 154 F.3d 24 (2d Cir. 1998).

[3] *In re: Ishihara*, 251 F.3d at 126.

[4] *Id.*

[5] UNCITRAL Arb. R. Art. 29(2) (1976), available at http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/1976Arbitration_rules.html.

inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief."[6] "The law of this circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law."[7]

In *Republic of Kazakhstan v. Biedermann International*, we held that a "tribunal" within the meaning of § 1782 did not include a private international arbitral tribunal, and thus § 1782 did not apply to discovery sought for use in such a tribunal.[8] The district court relied on this holding in denying CEL's § 1782 application. CEL argues that *Biedermann* is no longer controlling in light of the Supreme Court's decision in *Intel Corp. v. Advanced Micro Devices, Inc.*[9] We disagree.

In *Intel,* the Supreme Court held that the Commission of European Communities qualified as a "tribunal" within the meaning of § 1782 and that a district court was not categorically barred from ordering discovery for use in a proceeding before the Commission, even though the proceeding was not yet pending or imminent.[10] The question of whether a private international arbitration tribunal also qualifies as a "tribunal" under § 1782 was not before the Court. The only mention of arbitration in the *Intel* opinion is in a quote in a parenthetical from a law review article by Hans Smit. That quote states that "the term 'tribunal' . . . includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil,

---

[6] F ED. R. CIV. P. 60(b)(1), (6).

[7] *Fed. Deposit Ins. Corp. v. Castle*, 781 F.2d 1101, 1104 (5th Cir. 1986) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)).

[8] 168 F.3d 880 (5th Cir. 1999).

[9] 542 U.S. 241, 258 (2004).

[10] *Id*. at 258-59.

commercial, criminal, and administrative courts."[11] Nothing in the context of the quote suggests that the Court was adopting Smit's definition of "tribunal" in whole.

Moreover, none of the concerns raised in *Biedermann* regarding the application of § 1782 to private international arbitrations were at issue or considered in *Intel*. In *Biedermann*, this court noted that § 1782 authorizes broader discovery than what is authorized for domestic arbitrations by Federal Arbitration Act § 7.[12] If § 1782 were to apply to private international arbitrations, "the differences in available discovery could 'create an entirely new category of disputes concerning the appointment of arbitrators and the characterization of arbitration disputes as domestic, foreign, or international.'"[13] We also noted that empowering parties in international arbitrations to seek ancillary discovery through federal courts could destroy arbitration's principal advantage as "a speedy, economical, and effective means of dispute resolution" if the parties "succumb to fighting over burdensome discovery requests far from the place of arbitration."[14] Neither private arbitration nor these questions were at issue in *Intel*.

Because "[w]e cannot overrule the decision of a prior panel unless such overruling is *unequivocally* directed by controlling Supreme Court precedent,"[15] we remain bound by our holding in *Biedermann*. Therefore the district court did not abuse its discretion in granting El Paso's Rule 60(b) motion.

---

[11] *Id.* at 258.

[12] *Biedermann*, 168 F.3d at 883.

[13] *Id.* (quoting *National Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 188-90 (2d Cir. 1999)).

[14] *Id.*

[15] *Cain v. Transocean Offshore USA, Inc.*, 518 F.3d 295, 300 (5th Cir. 2008) (quoting *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 (5th Cir. 1991)).

\*     \*     \*

For these reasons, we DENY El Paso's motion to dismiss the appeal as moot and AFFIRM the district court's grant of the Rule 60(b) motion.