25-1253 (L)
*In Re: Orthogen Int'l GmbH*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

IN RE: ORTHOGEN INTERNATIONAL GMBH, *for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding,*

> > *Petitioner.*

Nos. 25-1253 (Lead)
25-1258 (Con)

_____

ORTHOGEN INTERNATIONAL GMBH, *for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding,*

> > *Appellee,*

> v.

DR. DOUGLAS SCHOTTENSTEIN,
SCHOTTENSTEIN PAIN & NEURO,
PLLC, d.b.a. NY SPINE MEDICINE,

               *Intervenors-Appellants*.

_____

| | |
|---|---|
| **For Intervenors-Appellants:** | EDWARD D. ALTABET, Brach Eichler LLC, New York, NY. |
| **For Petitioner-Appellee:** | CHRISTOPHER B. HARWOOD (Matthew Garry, *on the brief*), Morvillo Abramowitz Grand Iason & Anello PC, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 28, 2025 and April 30, 2025 orders of the district court are **AFFIRMED**.

Dr. Douglas Schottenstein and his clinic, Schottenstein Pain & Neuro, PLLC (together, "Schottenstein" or "Appellants"), appeal from two orders of the district court authorizing Orthogen International GmbH to take discovery pursuant to 28 U.S.C. § 1782 in connection with contemplated, but not yet commenced, litigation against Schottenstein in Germany. J. App'x at 1–2. Appellants argue that (i) the German litigation is still too inchoate to justify discovery in the United States, (ii) the German courts would reject any evidence obtained under section 1782,

2

(iii) the parties' forum selection clause bars Orthogen's petition for domestic discovery, (iv) applying section 1782 here would violate the Constitution, (v) the district court incorrectly dismissed their counterclaim, and (vi) the district court should have *sua sponte* offered to let them amend their counterclaim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

In deciding whether to grant a motion for discovery pursuant to section 1782, a district court must first assess the three statutory requirements, namely, whether "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Banoka S.à.r.l. v. Elliott Mgmt. Corp.*, 148 F.4th 54, 64 (2d Cir. 2025) (alterations adopted) (quoting *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022)). If those three requirements are met, the court must also consider the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which focus on "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the

3

nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" *Fund for Prot. of Inv. Rts. in Foreign States v. AlixPartners, LLP*, 5 F.4th 216, 230 (2d Cir. 2021) (quoting *Intel*, 542 U.S. at 264–65).

We review a district court's application of the statutory requirements *de novo*, and its assessment of the *Intel* factors for abuse of discretion. *See Banoka S.à.r.l.*, 148 F.4th at 64. A district court abuses its discretion "if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d 456, 459–60 (2d Cir. 2014) (alteration adopted and internal quotation marks omitted). Finally, we review motions for reconsideration for abuse of discretion. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 435 (2d Cir. 2011).

**I.** **The District Court Did Not Err in Finding That the Discovery Sought by Orthogen was "For Use in a Proceeding in a Foreign or International Tribunal."**

Schottenstein first contends that Orthogen failed to satisfy the second statutory factor because section 1782 does not permit the sort of pre-suit discovery that it seeks here. But the Supreme Court in *Intel* explicitly "rejected the view, expressed in *In re Ishihara Chemical Co.*," – and by Schottenstein here – "that [section] 1782 comes into play *only when* adjudicative proceedings are 'pending' or 'imminent.'" 542 U.S. at 259 (emphasis added) (quoting *In re Ishihara Chem. Co.*, 251 F.3d 120, 125 (2d Cir. 2001)). Indeed, the Supreme Court recognized that "[i]t is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence *is eventually to be used* in such a proceeding." *Id.* (alterations adopted and emphasis added) (quoting Hans Smit, *International Litigation Under the United States Code*, 65 Colum. L. Rev. 1015, 1026 (1965)).

In the years since, we have clarified that a section 1782 applicant "must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being *contemplated*." *Certain Funds, Accts. and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015) (emphasis added). And that is precisely what the district court found to be the

case here. *See* J. App'x at 17 ("Orthogen . . . provides the 'objective indicium' that there is reasonable contemplation [that it will bring] the Contemplated German Proceeding." (quoting *Certain Funds*, 798 F.3d at 123)). We therefore agree with the district court that the pre-suit discovery requested here was consistent with our Circuit's caselaw.

## II.     The District Court Did Not Err in Its Application of *Intel*'s Second Factor.

Schottenstein next asserts that the district court misapplied *Intel*'s second factor by requiring Schottenstein to introduce "authoritative proof" that the German courts would reject evidence obtained with the aid of section 1782. Appellants' Br. at 52 (internal quotation marks omitted). But the district court did no such thing. It simply observed that Orthogen's foreign legal expert knew of no German law – or any restriction whatsoever – that would bar Orthogen from collecting and using documents obtained through section 1782. *See* J. App'x at 9; *see also id.* (citing *In re Application of Johannes Roessner to Take Discovery Pursuant to 28 U.S.C. 1782 in Aid of Foreign Litigants or Proc.*, No. 21-MC-513, 2021 WL 5042861, at \*3 (S.D.N.Y. Oct. 29, 2021) for the proposition that no "German laws or restrictions" "preclude the use of the discovery sought in" a section 1782 application) (internal quotation marks omitted)). We therefore see no abuse of discretion in the district court's analysis of the second *Intel* factor.

6

**III.** **The Parties' Forum Selection Clause Does Not Bar Discovery under Section 1782.**

Schottenstein also argues that the mandatory forum selection clause in the parties' contract – designating Düsseldorf, Germany as the jurisdiction for all suits stemming from their agreements with Orthogen – precludes section 1782 discovery here. But this challenge to the application of the *Intel* factors is contradicted by *Intel* and our Circuit's intervening caselaw.

As we recently said in *Banoka S.à.r.l.*, "a [forum selection] clause remains *a factor* that the district court *may* consider in its exercise of discretion" when assessing a section 1782 motion. 148 F.4th at 66 n.9 (emphases added). Indeed, we have never implied that the existence of a forum selection clause serves as an absolute bar to pre-suit discovery. And with good reason, since the inclusion of a forum selection clause often says very little about whether the parties intended to restrict access to discovery in the United States pursuant to section 1782. If the parties really intended to close that door, they easily could have included such a provision in the text of their agreement. They did not, which left the door open for the district court to weigh the forum selection clause as one factor among many to be considered in the exercise of its discretion.

Here, the district court did consider the forum selection clause as a relevant factor in assessing the propriety of discovery. *See* J. App'x at 20. It nonetheless concluded that the remaining three *Intel* factors weighed in favor of allowing discovery. *See id.* ("Assuming . . . that the forum-selection clause counsels against such discovery, the third *Intel* factor is only one among four non-exclusive factors"; because "Orthogen prevails in establishing the other three *Intel* factors, the forum-selection clause here is not dispositive." (internal quotation marks omitted)).

In short, we see no reason to reverse the district court's "fact-sensitive and highly contextual analysis regarding the forum-selection clause." *Banoka S.à.r.l.*, 148 F.4th at 68 (internal quotation marks omitted).

## IV. The District Court Did Not Err in Denying Schottenstein's As-Applied Constitutional Challenge Under the Equal Protection Clause.

Schottenstein further contends that the district court's grant of Orthogen's section 1782 applications "run[s] afoul of the [Fourteenth Amendment's] Equal Protection Clause," which he claims applies to the actions of the federal government via the Fifth Amendment's Due Process Clause. Schottenstein Br. at 39–40. We disagree.

Congress's decision to permit pre-suit discovery through section 1782 clearly satisfies our rational-basis review. *See United States v. Amalfi*, 47 F.4th 114,

8

118 (2d Cir. 2022) (holding that rational basis review "requires us to ask whether there is *any conceivable* basis to support Congress' decision at issue"). As the Supreme Court recently explained, Congress enacted section 1782 "to assist foreign or international adjudicative bodies in evidence gathering." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 623 (2022); *id.* at 632 ("[T]he animating purpose of [section] 1782 is comity: Permitting federal courts to assist foreign and international governmental bodies promotes respect for foreign governments and encourages reciprocal assistance."); *see also Jankowski-Burczyk v. I.N.S.*, 291 F.3d 172, 178 (2d Cir. 2002) ("[W]e will assume that a statute is constitutional and the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record." (internal quotation marks omitted)).

**V.   The District Court Did Not Err in Dismissing Schottenstein's Counterclaim for Breach of Contract.**

Schottenstein next contends that the district court erred in dismissing its counterclaim for damages based on Orthogen's alleged breach of the forum selection clause. As an initial matter, Schottenstein offers no authority for the proposition that parties may append counterclaims to motions filed in connection with section 1782 litigation. Indeed, the text, purpose, and history of section 1782

9

suggest otherwise. Section 1782 merely creates a mechanism whereby witnesses and/or documents in the United States may be made available "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). And it authorizes a district court to issue only orders "prescrib[ing] the practice and procedure . . . for taking the testimony or statement or producing the document" for the foreign proceeding. *Id.*

Stretching section 1782's language to its limit, Schottenstein asserts that his right to bring counterclaims derives from the statute's provision that "[t]o the extent that the order *does not prescribe otherwise*, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* (emphasis added). But clearly section 1782 is about the taking of testimony and the production of documents. It does not graft the entirety of the Federal Rules of Civil Procedure into a single statute. Nor does it open the door for claims or counterclaims that are typically better left to the foreign tribunal. Moreover, even if we were to assume that such counterclaims *could be* asserted in a section 1782 proceeding, Schottenstein's counterclaim was properly dismissed because it revolves around a question of German law – namely, whether the parties' forum selection clause creates a cause of action for

10

damages when one party seeks evidence from the other outside of Germany. The answer to that question, of course, turns on a prediction of "the procedural or substantive law of the foreign jurisdiction" and thus lies beyond the scope of a section 1782 inquiry. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995) (internal quotation marks omitted). We therefore see no error in the district court's dismissal of Schottenstein's counterclaim for damages stemming from Orthogen's alleged breach of the forum selection clause.

**VI.    The District Court Did Not Err in Failing to *Sua Sponte* Grant Schottenstein Leave to Amend Its Counterclaims.**

Schottenstein finally argues that the district court erred in not permitting it to amend its counterclaims against Orthogen, notwithstanding the fact that Schottenstein never requested leave to amend. We disagree.

Our caselaw makes clear that district courts are under no obligation to *sua sponte* offer parties opportunities to amend their dismissed claims, particularly for sophisticated parties represented by counsel. *See, e.g.*, *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("Because an amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable, the [d]istrict [c]ourt was under no obligation to provide the [plaintiffs] with leave to amend their complaint, much less provide such leave *sua*

11

*sponte*." (alteration adopted and citation and internal quotation marks omitted)). Indeed, we have previously labeled it "frivolous" for a plaintiff to advance the "contention that the [d]istrict [c]ourt abused its discretion in not permitting an amendment that was never requested."   *Id.* at 249–50.

We therefore affirm the district court's dismissal of Schottenstein's counterclaims.

\*  \*  \*

We have considered Schottenstein's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12